UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 16-cv-9822 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| MODESTO OZUNA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Modesto Ozuna filed a *pro se* Motion to Vacate, Set Aside, or Correct [1] his sentence pursuant to 28 U.S.C. § 2255. For the reasons provided below, this Motion [1] is denied.

## BACKGROUND

On September 17, 2003, Petitioner was charged by superseding indictment with knowingly and intentionally possessing with intent to distribute in excess of 5 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). On November 9, 2006, following a jury trial, Petitioner was convicted. At Petitioner's sentencing hearing, his adjusted offense level was 42 with a criminal history level of II. The applicable guideline calculation suggested a guideline range of 360 months to life. On June 27, 2007, Petitioner was sentenced to a term of 300 months' imprisonment. Petitioner appealed his conviction on June 14, 2007. On April 30, 2009, the Seventh Circuit affirmed Petitioner's conviction.

On January 27, 2015, Petitioner filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines. Petitioner's motion was denied because he was sentenced to a term below the amended guideline range. On

June 29, 2015, Petitioner filed another motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), challenging his criminal history category. On February 4, 2016, Petitioner's second motion was denied because Amendment 782 did not affect his criminal history category, therefore, a reconsideration of that issue was not authorized by section 3582.

Petitioner filed this Motion to Vacate [1] on October 11, 2016. Petitioner alleges that he is entitled to be resentenced as a "minor" participant under Amendment 794 to the U.S. Sentencing Guidelines.[1]

## LEGAL STANDARD

Petitioner's *pro se* petition is construed liberally. *Ward v. Jenkins*, 613 F.3d 692, 700 (7th Cir. 2010). A prisoner convicted of a federal crime may move the district court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. A petitioner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief is only available in cases where jurisdictional or constitutional errors have caused a "complete miscarriage of justice." *Harris v. U.S.*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). This is an "extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007).

---

[1] Petitioner also requested that the Seventh Circuit "reopen sentencing proceedings in light of Amendment 794, and recall the mandate." (Dkt. 1 at 7.) Petitioner's request is denied for lack of jurisdiction.

# ANALYSIS

Errors in the application of the sentencing guidelines cannot be raised in 2255 motions as long as a defendant's sentence is within the range provided by the statute for the offense. *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) (holding that sentencing guideline calculation errors are not constitutional and are therefore not reviewable in 2255 proceedings). Petitioner was sentenced to a term below the guideline range for his offense. Petitioner makes no argument that the sentencing guideline and commentary in effect at the time he was sentenced were not applied correctly. Petitioner instead argues that he is entitled to an application of both Amendment 794 and Amendment 782, and that after adjustments from both of those amendments, his amended sentencing guideline range would be 262 months to 327 months of imprisonment. Petitioner asserts that because he was not sentenced under the correct sentencing guideline range, he was improperly sentenced in violation of his constitutional rights.

While the Court may modify a term of imprisonment when the guidelines governing the sentence are subsequently lowered by the Sentencing Commission, Amendment 794 to the Sentencing Guidelines does not lower a sentencing range. Amendment 794 modified the commentary to Sentencing Guideline § 3B1.2 to provide additional guidance in its application. Further, Petitioner was sentenced in 2007, well before Amendment 794 became effective on November 1, 2015. Sentencing Guideline 1B.10 lists all amendments eligible for retroactive effect, and Amendment 794 is not listed. 18 U.S.C. § 3582(c)(2); USSG § 1B.10. Thus, Amendment 794 is inapplicable here. Petitioner is not entitled to the cumulative effect of the application of Amendment 794 and Amendment 782.

Petitioner cites to *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), to support his contention that Amendment 794 is retroactively applicable to his case. However, in *Quintero-Leyva*, the Ninth Circuit held that Amendment 794 applied retroactively to a case on direct appeal, not that it applied retroactively on collateral review after a conviction has become final.

*Certificate of Appealability*

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant on a *habeas* petition. A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing of the denial of a constitutional right; and, accordingly, a certificate of appealability shall not issue. Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**CONCLUSION**

For the reasons discussed above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [1] is denied. No certificate of appealability shall issue.

Date: February 15, 2017   /s/ John W. Darrah
                               John W. Darrah
                               U.S. District Court Judge